**Bituminous Casualty Corporation, Appellee, v. Marion County Coal Company, Appellant.**

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

JUNE C. SMITH, for appellant.

WHAM & WHAM, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee issued a policy of insurance insuring appellant against liability to its employees arising under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq*. The policy was to remain in force from October 1, 1928 until canceled. By its terms it could be canceled at any time by either party giving a written notice stating when, not less than 10 days thereafter, cancellation should be effective. The effective date of cancellation was made the end of the policy period. It further provided that if appellant requested cancellation the earned premium should be computed and adjusted at short rates in accordance with a table printed on the policy. Appellant gave notice of cancellation and the effective date of such cancellation, as well as the end of the policy period, was 45 days after October 1, 1928.

Appellee sued to recover the earned premium for the 45 days computed in accordance with the short rate table aforesaid. Upon a trial before the court, without a jury, appellee recovered a judgment for $2,015.13. Appellant's sole contention is that the short rate table does not and cannot apply to the policy in question because the policy was not written for a definite term, but was to continue in force until canceled.

The premium appellant was required to pay was based upon the annual remuneration appellant paid to all of its employees. At the time the policy was issued the estimated advance premium was computed upon

such remuneration and same was figured at $2,500, which sum was paid by appellant upon receipt of the policy. Appellant agreed that on or before the 15th of. each month it would render a statement to appellee of the gross payroll expenditure for labor, etc., and that such report would be accompanied by a check for the premium on such payroll expenditure, based on the rates as stated in the policy. Appellant also agreed that at the end of the policy period the actual amount of the remuneration earned by its employees during such period should be exhibited to appellee and the earned premium adjusted at the rates and under the conditions specified in the policy; that if the earned premium, thus computed, is greater than the advanced premium paid, appellant would immediately pay the additional amount to appellee; if less, appellee would return to appellant the unearned portion, etc.

From the terms of the policy it clearly appears that the advanced premium and the monthly payments to be made by appellant were subject to adjustment at the end of the policy period. Appellant's notice of cancellation definitely fixed the policy period at 45 days. Appellant agreed that in such case the unearned premium should be computed and adjusted in accordance with the short rate table. It concedes that the judgment is correct if the short rate table applies to the policy in question.

We cannot agree with the contention that the policy is so ambiguous that appellant should be relieved from its agreement to settle the unearned premium in accordance with the short rate table. Giving the insurance contract a fair and reasonable construction we are satisfied that the trial court reached a proper conclusion. No sufficient reason has been shown to warrant the court in relieving appellant of its liability under the contract.

Judgment is affirmed.

*Affirmed.*